BLD-106                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2711
_____

RALPH JAMES BUCHANAN,
                                        Appellant
v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-CV-00821)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
January 14, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: January 22, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ralph James Buchanan appeals from the District Court's dismissal of the habeas petition he filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Buchanan pleaded guilty to possession with intent to distribute methamphetamine in the United States District Court for the District of Florida in 1996. He was sentenced to a term of life imprisonment, and the Court of Appeals for the Eleventh Circuit dismissed his appeal on the grounds that his plea agreement contained a valid appellate waiver. He then filed a § 2255 motion, which was denied in 1999. He filed a second § 2255 motion which sought relief under Alleyne v. United States, 133 S. Ct. 2151 (2013). His second § 2255 motion was dismissed in 2014.

In his § 2241 petition, Buchanan claims that he has satisfied his sentence and is therefore entitled to be released from custody. He argues that he was erroneously sentenced to life imprisonment based on the District Court's adoption of the drug amount determined in his Pre-Sentence Report (PSI), for which Buchanan was neither charged nor indicted. He argues that the maximum sentence authorized for the quantity of controlled substance alleged in his indictment is 20 years. Since he has completed over seventeen of these years and has earned good time credits, he argues, he has satisfied his sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.

2

2002). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed Buchanan's § 2241 petition, concluding that it challenges the legality of his sentence, not its execution and, therefore, should have been brought as a § 2255 motion. Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). When challenging the validity rather than the execution of a federal sentence, a federal prisoner must do so through a § 2255 motion. See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A federal prisoner may resort to the safety valve provision of § 2241 only where § 2255 is "inadequate or ineffective to test the legality of his detention." 8 U.S.C. § 2255(e). The mere fact that a prisoner has previously filed a § 2255 motion and cannot meet the standard for filing another does not mean that § 2255 is inadequate or ineffective. See In re Dorsainvil, 119 F.3d at 251.

So far we have limited the safety valve to situations where an intervening change in law has decriminalized the actions underlying the conviction. Okereke v. U.S., 307 F.3d 117 (3d Cir. 2002). Buchanan does not argue that an intervening change in law made the conduct underlying his conviction non-criminal, nor can he make such an argument. Additionally, Buchanan has not presented any other extraordinary circumstances that might justify applying the § 2241 safety valve. There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. Buchanan's motion for appointment of counsel is denied.